# CIRCUIT COURT OF CHESTERFIELD COUNTY

Justin Horne
and Martha Horne

v.

Eco-Logic
Construction, L.L.C., et al.

July 2, 2012

Case No. CL10-1526

BY JUDGE T. J. HAULER

This matter came before the Court for trial on the issues of liability and damages against the lone remaining party, William Howard, on April 11, 2012. At the conclusion of the Plaintiff's evidence, counsel for William Howard made a motion to strike, which the Court took under advisement. On April 12, 2012, the jury returned a verdict in favor of the Plaintiffs in the amount of $278,737.17. At the conclusion of trial, counsel for Mr. Howard renewed their previous motion to strike and made a motion to set aside the verdict as contrary to the evidence and law. The Court took both motions under advisement. After considering the evidence presented, the arguments of counsel, and the applicable legal authorities, the Court rules as follows.

The Plaintiffs in this case filed suit against Eco-Logic Construction, L.L.C. (hereafter "Eco-Logic"), Build 'A' Custom Homes, L.L.C. (hereafter "Build 'A' "), Guillermo Roviralta, and Howard setting forth several causes of action stemming from an alleged breach of a residential construction contract. Default judgment was entered against defendants Eco-Logic, Build 'A', and Roviralta on November 29, 2011. The amount of damages against the parties contained in the Court orders entered November 29, 2011, was later corrected by a subsequent Court order dated December 6, 2011. Defendant William Howard filed an answer denying all material allegations contained in the complaint, and the parties proceeded to trial on April 11, 2012.

At trial, the Plaintiffs submitted into evidence copies of two construction contracts relied upon by the Plaintiffs and dated March 28, 2008, and April 8, 2008. Both contracts clearly indicate that the agreement was entered into by "Build 'A', t/a Eco-Logic Construction, L.L.C.", and the Plaintiffs, Justin and Martha Horne. The contract dated March 28, 2008, was signed by Howard on behalf of Eco-Logic and Roviralta with the inscription "Build A" below Roviralta's signature. The contract dated April 8, 2008, was endorsed in a similar fashion by Howard on behalf of Eco-Logic. Additionally, all change orders and checks were made in the name of Build 'A' with the exception of one check in the amount of $2,735.06 made payable to Howard.

A motion to strike the evidence is appropriate where the Court finds that the jury could properly find only one way and "it is conclusively apparent that the Plaintiff has proven no cause of action." *Brown v. Koulizakis*, 229 Va. 524, 531, 331 S.E.2d 440 (1985). Evidence presented is viewed in a light most favorable to the nonmoving party, and the trial Court is required to resolve any reasonable doubt as to the sufficiency of the evidence in favor of the Plaintiff. *Jones v. Downs*, 222 Va. 25, 278 S.E.2d 799, 800 (1981).

Pursuant to Virginia Code § 8.01-430, the trial Court should only grant a motion to set aside a verdict as contrary to the evidence and the law when the verdict is contrary to the evidence or without supporting evidence. The power conferred on a trial Court under § 8.01-430 can only be exercised where the verdict is plainly wrong and no reasonable person may differ in his or her conclusions of fact to be drawn from the evidence. *Lane v. Scott*, 220 Va. 578, 260 S.E.2d 238 (1979).

In this case, insufficient evidence was presented to support the jury's verdict and finding against Howard individually. Conversely, the overwhelming amount of evidence presented supports the Defendant's position that the Plaintiffs were contracting with only Build 'A' and Eco-Logic, and not Howard individually. Both contracts, all of the change orders, and payments, with the exception of one check, noted either Eco-Logic, L.L.C., or Build 'A' as parties or payees. With regard to the check made payable to Howard, Justin Horne testified that the check was tendered as payment for work that was previously done on the home. Howard testified that the payment was tendered as an advance for materials that he later purchased for construction of a tornado room. Neither party's account demonstrates that Howard benefited personally from the monies paid. Thus, no evidence was presented supporting a finding that Howard acted in any capacity other than as an agent for the companies when dealing with the Hornes. Even the Plaintiff himself on cross-examination admitted that he signed a contract with Eco-Logic and Build 'A' and that Howard presented himself as the owner of Eco-Logic. Therefore, the Court finds

no reasonable juror could conclude that the Plaintiffs were dealing with Howard individually.

Virginia Code § 13.1-1019 limits the liability of members of a limited liability corporation and states in relevant part "no member . . . shall have any personal obligation for any liabilities of a limited liability company, whether such liabilities arise in contract, tort, or otherwise, solely by reason being a member." Furthermore, Virginia Code § 13.1-1020 states "a member of a limited liability company is not a proper party to a proceeding by or against a limited liability company" except in limited circumstances that are not applicable to this case.

Consequently, Howard is not a proper party to the case pursuant to Virginia Code §§ 13.1-1019 and 13.1-1020. Therefore, Plaintiffs ability to recover against Howard is limited to their properly proving a claim for piercing the corporate veil. Piercing the corporate veil is an equitable remedy that should only be granted in extraordinary circumstances where the corporation is operating as the owner's alter ego, is under-capitalized, or to prevent fraud. *O'Hazza v. Executive Credit Corp.*, 246 Va. 111, 431 S.E.2d 318 (1993). The Court notes that the Plaintiffs did present evidence in support of a possible claim that the corporation was acting as a mere alter ego for Howard in that he accepted a check made out to him personally, but finds, for the reasons stated above, that no evidence was presented that the payment benefited Howard personally. In addition, piercing the corporate veil is an equitable claim that can only be ruled upon by the Court, and the Plaintiffs are barred from asserting a claim for piercing the corporate veil at trial as they failed to plead the claim in their complaint.

Counsel for the Plaintiffs expended a substantial amount of effort in an attempt to establish that Howard is liable to the plaintiffs by means of being a joint venturer with the defaulting parties. However, the Court finds no authority supporting the Plaintiffs' position and finds *American Safety v. C.G. Mitchell Const., Inc.*, 268 Va. 340, 601 S.E.2d 633 (2004), inapplicable. As stated above, no evidence was presented that Howard, at any time, was acting in an individual capacity. The fact that Howard, on behalf of Eco-Logic, may have contracted with Build 'A' does not affect the relationship between Howard, Eco-Logic, and the Plaintiffs, making him personally liable for the alleged breach of contract.

Accordingly, both the motion to strike the evidence and the motion to set aside the verdict as contrary to the evidence are granted. The Court will enter judgment in favor of Howard.